**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ELTON GEOVANY MEDRANO-GOMEZ,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-703-G** |
| **CHRIS GANTT, Warden of the Cimarron Correctional Facility, et al.,** | ) | |
| **Respondents.**[1] | ) | |

**ORDER**

Petitioner Elton Geovany Medrano-Gomez filed a Petition for Writ of Habeas Corpus ("Petition," Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging Petitioner's detention by U.S. Immigration and Customs Enforcement ("ICE"). Certain Respondents filed an Answer (Doc. No. 11), to which Petitioner replied (Doc. No. 13). Additionally, Petitioner has filed a Notice of Supplemental Authority (Doc. No. 14).

*I. Background*

The factual background is set forth in the Petition and not contested by Respondents. As relevant here, Petitioner "is a citizen of Honduras," and he "has resided in the United States since he first entered" the country in 2003 or 2004. Pet. ¶ 16. Petitioner is being

[1] Chris Gantt, Warden of the Cimarron Correctional Facility, Marcos Charles, Director of the U.S. Immigration and Customs Enforcement Dallas Field Office, and David J. Venturella, Acting Director of Immigration and Customs Enforcement, are hereby substituted as respondents for Scarlet Grant, Josh Johnson and Todd Lyons, respectively, pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure. The appearing respondents are Director Charles, Acting Director Venturella, and Markwayne Mullin, Secretary of the U.S. Department of Homeland Security.

detained by ICE and is now housed at Cimarron Correctional Facility in Cushing, Oklahoma. *See id.* ¶ 2. According to Respondents, "Petitioner is held pursuant to 8 U.S.C. § 1225(b)(2)(A)." Answer at 1. Petitioner states that he is "being held without bond" and "without any individualized bond hearing" pursuant to *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025). Pet. ¶¶ 2, 16. According to Petitioner, the Board of Immigration Appeals held in *Hurtado* that, in accordance with 8 U.S.C. § 1225(b)(2)(A), noncitizens who have entered the United States without admission or parole are ineligible for a bond hearing. *See id.* ¶ 17.[2]

*II. Discussion*

*A. The Inapplicability of 8 U.S.C. § 1225(b)(2)(A)*

Petitioner argues that Respondents' detention of him pursuant to 8 U.S.C. § 1225(b)(2)(A), which imposes mandatory detention, violates the Immigration and Nationality Act ('INA'), 8 U.S.C. §§ 1101 et seq., because Petitioner is instead "entitled to consideration for release on bond under 8 U.S.C. § 1226(a)." Pet. ¶¶ 36-40. Petitioner seeks habeas relief in the form of release from detention or, in the alternative, the provision of a bond hearing. *Id.* ¶ 40.

Respondents argue that when "properly understood, the plain text of the [INA] cannot support Petitioner's interpretation" of § 1225(b)(2)(A) and that Petitioner's contrary

[2] *In re Yajure Hurtado* is not binding on this Court. *Cf. Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024) ("Courts need not and under the [Administrative Procedure Act] may not defer to an agency interpretation of the law simply because a statute is ambiguous.").

position "relies entirely on the faulty reasoning of non-binding case law." Answer at 1-3, 5-10.

Following the submission of the Answer and Reply, the Tenth Circuit held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026). The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Petitioner's INA claim is controlled by *Santillan Quiroz*. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. *See* Pet. ¶ 16; *Santillan Quiroz*, 180 F.4th at 1233-34. And, as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1234; *see* Pet. ¶¶ 16, 37, 39. Accordingly, § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51.

Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13. Given this determination, the Court need not address Petitioner's remaining claims for relief.

*B. Petitioner's Request Regarding the Burden of Proof at a Bond Hearing*

Petitioner argues that at any bond hearing the government should bear the burden "to show by clear and convincing evidence that the Petitioner is either a flight risk or danger to the community." Pet. ¶ 65. The Court need not and does not reach this issue. *See Sow v. Cerna*, No. CIV-26-1376-G, 2026 WL 2302462, at *2 (W.D. Okla. Aug. 10, 2026); *see also Guzman Morales v. Mullin*, No. CIV-26-587-SLP, 2026 WL 1962374, at *2 & n.3 (W.D. Okla. July 7, 2026); *Munaf v. Geren*, 553 U.S. 674, 693 (2008). As discussed above, the habeas relief to which Petitioner is entitled is either "an individualized bond hearing on the basis of his statutory claim" or "release." *Guzman Morales*, 2026 WL 1962374, at *2 & n.3; *Santillan Quiroz*, 180 F.4th at 1251 n.13.

*C. Petitioner's Request for Fees and Costs*

Petitioner also requests attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *See* Pet. at 18.

The EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025), *petition for cert. filed*, No. 26-146 (U.S. July 30, 2026). Such attorney's fees must be sought pursuant to the EAJA and by separate motion, however. *See id.*; Fed. R. Civ. P. 54(d)(2), 81(a)(4); LCvR 54.2. Any recovery of costs is governed by 28 U.S.C. §§ 1920 and 2412(a), Federal Rule of Civil Procedure 54(d)(1), and Local Civil Rule 54.1.

CONCLUSION

In accordance with the above, the Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief based upon a violation of the INA.

IT IS THEREFORE ORDERED:

1. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

2. Petitioner's remaining claims for relief are DISMISSED without prejudice; and

3. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

4. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 21st day of August, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge